

*Via ACMS electronic delivery* only

**NOVEMBER 18, 2024**

**RESHMA KAMATH, CAL. BAR NO. 333800**

**LAW OFFICE OF RESHMA KAMATH**
700 El Camino Real Suite 120, #1084,
Menlo Park, CA 94025 Phone: 650 257 0719 |
E-mail: reshmakamath2021@gmail.com |
Ninth-Circuit Counsel

    ***RE: NINTH CIRCUIT'S ERRONEOUS RELIANCE ON KRAMER - AS FAULTY AS THE RACIALLY MISOGYNISTIC CALIFORNIA NORTHERN DISTRICT.***

    The Ninth Circuit and Mary H. Muruguia heavily rely on *In re Kramer,* 282 F.3d 721, 724 (9th Cir. 2002); Fed. R. App. P. 46(b); 9th Cir. R. 46-2. Yet, like the California Northern District, the Ninth Circuit is misguided in its own follies. Not only is Kramer from New York, having no application to California, the First Division has no bearing on the CAND and 9CA.

    What is interesting is the Ninth Circuit similar to the CAND each fail to recognize that calling out judges based on LEGISLATIVE CODE SECTIONS (*Code of Civil Procedure* §§ 170.1-170.6 *et seq.*) related to bias, prejudice, gender, race, misogyny, and related -isms is neither sanction-worthy nor a reason for disbarment.

    In fact, the CAND referred Counsel Reshma Kamath to the professional misconduct committee (where Alsup, Hixson and Rogers were probably subliminally reporting their actions to such professional misconduct), that committee **never made a finding**. Sadly, the Ninth Circuit is perpetuating racism, stereotyping, misogyny, and gender-based decision-making in the federal district courtrooms. This fact is ***starkly distinguishable*** from

Kramer where the committee did make a finding. "After a hearing, the Committee recommended disbarment." *In re Kramer* (9th Cir. 2002) 282 F.3d 721, 722. None of this occurred with Reshma Kamath.

In this case, some racist and misogynistic person, called Donato, who happens to be a judicial officer at the CAND, decided to unleash his racism and misogyny on Counsel. There was **no hearing, no investigation, and no findings from a committee. Only an internal order from Donato never formally served upon Reshma Kamath.**

**This is hardly any ground for Donato to "disbar" – the basis of disbarment is yet another racism and misogynistic man seated in power.** Also, check that there is NO INDIAN-AMERICAN OR INDIAN FEMALE JUDGE whatsoever in the California Northern District or the Ninth Circuit. Then, Counsel has to hear taunts from Alsup in the middle of the case about "India" with no bearing to that case or any topic related to that matter.

The Ninth Circuit also doesn't have any basis to disbar – because neither is Donato/CAND any state bar controlling authority, nor any pertinent body such as supreme court or other governing authority of any State, as referred to in *Kramer*.

> "[u]pon receipt of reliable information that a member of the Bar of this Court . . . has been . . . disbarred from the practice of law by the order of . . . the Bar, Supreme Court, or other governing authority of any State, . . . this Court shall immediately impose an order of suspension or disbarment." *In re Kramer* (9th Cir. 2002) 282 F.3d 721, 723."

Ninth Circuit and Muruguia have **failed to cite the Ninth Circuit's RECIPROCAL RULE** in its initiating Order. If there is no rule stated, then the Ninth Circuit has no basis either (cannot bring up new evidence in its reply to the OSC answer anyway).

As prior-stated, there was no investigation, no hearing, and no committee findings. Only racism. Then, misogyny.

"As we explained in Kramer III, under *Selling*, a federal court's imposition of reciprocal discipline on a member of its bar based on a state's disciplinary adjudication is proper **unless an independent review of the record reveals: (1) a deprivation of due process; (2) insufficient proof of misconduct; or (3) grave**

**injustice which would result from the imposition of such discipline. Kramer III,193 F.3d at 1132(citing Selling,243 U.S. at 50-51, 37 S.Ct. 377). In re Kramer (9th Cir. 2002) 282 F.3d 721, 724."**

Absolutely, no due process. Depriving Reshma Kamath of her Fifth Amendment constitutional rights of notice and opportunity to be heard. In this case, there was no order-to-show-cause from Donato prior to his racist internal order not circulated with even Counsel; no briefing allowed on the matter; no hearing; nothing. Very much unlike Kramer. *In re Kramer* (9th Cir. 2002) 282 F.3d 721, 728.

The Ninth Circuit has no basis to disbar – even if it tries to go into each of the afore-stated prongs.

Reshma Kamath cannot believe the level of competitive jealousy that such reputed judges are holding against Reshma. (makes her feel pretty good).

Quite proud to stand up and voice concerns about racism and misogyny – than let the puppet legislators draft words on paper, and the robotic judges with tunnel-vision (worst thing for the law) destroy people-of-color's and women's lives.

To sum up[1], the Ninth Circuit and Muruguia have failed to demonstrate any case-law and/or local rule to support their position. If this occurs irrespective, then it is the Ninth Circuit's and Muruguia's abuse of discretion and wielding unfettered, unchecked judicial power.

*Sincerely,*

*Reshma Kamath*

***RESHMA KAMATH***

*Counsel*

---

[1] Hardly ever the best work – had to draft this in a matter of minutes based on client work, sickness and pending deadline - but quite certain the arguments are very strong and get the succinct points across – even if counsel could have spent more time with being articulate.